[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION UPON RECONSIDERATION AND REARGUMENT OF DEFENDANT'S MOTION TO STRIKE COUNT THREE
Upon reargument and further consideration of defendant Securitylink's motion to strike, the court vacates its recent ruling and denies the motion to strike count three.
No strictly substantive legal point ruled upon in this court's January 29, 2001 opinion is believed to be erroneous; indeed, as the court understands plaintiff State Farm's reargument brief, it so much as tentatively concedes those points. However, plaintiff's claim that the insufficiencies currently afflicting their prayer for mandatory injunctive relief must be given an opportunity to mature or ripen to actionable level before a negative judicial assessment sends them out of court.
It may be that the court has viewed the extremely skeletal relevant count somewhat too narrowly and through the prism of its only experiences CT Page 7522 with injunctive relief. Those have exclusively been of the non-statutory, non-CUTPA variety. In those common law settings, sought via short calendar schedulings or special proceeding calendars, one examines deeply and immediately for legal insufficiencies, in light of the extraordinary relief sought. Often, in legal argument alone, before evidence is taken, a request may founder upon the shoals of there being an available legal remedy on an absence of irreparable harm.
In this matter, however, the law may even contemplate or at least fail to proscribe post-trial relief of the kind sought.
Surely, as the original opinion portends, a showing then as bereft of factual substance as now, would mandate the same result. But, as the court contemplated the potential path to developing the case toward a recovery from defendant, it became easily possible to envision a scenario that might justify the injunctive relief sought.
As a result, the court has reconsidered its earlier conclusion and reverses it.
This is not to say that there may not be other pre-trial settings, where it may appear that the factual development leads no further than it has led thus far, when another dispositive motion might not lie.
Defendant's motion to strike count three is denied.
NADEAU, J.